## Hall v. Bates.

(Decided Dec. 21, 1934.)

**62**

CLARK PRATT for appellant.

H. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In this action to quiet his claimed title in fee simple to two acres of described land, and also the oil and gas rights in the one-ninth undivided interest in the lands in Knott county that Joe Bates inherited from his father, the appellee was adjudged the relief he sought, and from that judgment this appeal is prosecuted.

In March, 1925, the appellee Heney Bates bought from his brother Joe Bates, then under 21 years of age, the property here in question. He took from his brother a title bond and, after his brother became of age in May following, a deed. This deed was not put to record until the middle of the following July. In the meantime, Joe Bates sold and conveyed without reservation to the appellant, Cannie Hall, all the properties he had inherited from his father, including, of course, the property now claimed by the appellee. Hall put his deed to record in the early part of July and before appellee put his deed to record. The controversy in this case in the main rages about whether Hall was a bona fide. purchaser without notice, or had actual notice of the prior conveyance to Joe Bates at the time he took his deed, or at the time he thereafter paid the consideration for the conveyance to him. In view of the controlling issue as we see it in this case, it is unncessary to discuss the evidence pro and con on this controversy as to the knowledge Hall had of appellee's deed at the time he

took his deed or paid the consideration therefor. After Hall had secured his deed from Joe Bates, suit was brought in the Knott circuit court for a partition among the many heirs of the father of the appellee and Joe Bates of the lands these heirs had inherited from their father. Both appellant, as the vendee of Joe Bates, and the appellee were made parties to this partition suit. A judgment was rendered, ordering the partition, and commissioners were appointed to make the same. They set aside to the various parties to the suit the land coming to them by virtue of the partition, setting aside to Hall in fee without reservation the land as to which appellee here claims two acres and the oil and gas rights. Deeds were thereafter made by the master commissioner of the Knott circuit court to the various parties in accordance with the judgment and partition. These deeds were duly approved by the judge of the circuit court of Knott county and were later put to record. As both appellant and appellee were parties to this partition suit, they were bound by the judgment therein and the deeds of partition. Appellee undertakes to attack the judgment in the partition suit by the claim that he was not served with process. On that point, in testifying he answered the question, "Were you ever summoned in that action?" with, "Never got any." He was further asked, "If you were a party to that action, were you made so without your knowledge or consent?" to which he replied, "I had no knowledge of it." It is admitted at the time this partition suit was filed and during its pendency appellee was a prisoner in the state penitentiary at Frankfort. Under section 54 of the Code of Civil Practice, the service of the summons upon a prisoner is had by service upon the keeper of a penitentiary, a copy of the petition also being delivered to him, it then being the duty of the keeper of the penitentiary to deliver the copy of the petition and summons to the prisoner. This section of the Code also requires that a copy of the summons be delivered to the curator of the defendant if he has one, or if not, to his wife, and if he has no wife, it must be left at the place where the prisoner resided or claimed to reside prior to his confinement and with some person over the age of sixteen years. There is no testimony whatever that this section of the Code was not fully complied with, except possibly as to the claim of the appellee that the keeper of the penitentiary did not deliver to him any summons. Appellee's attack in this suit on the judg-

ment in the partition suit is a collateral attack. It is well settled that in a collateral attack on a judgment every presumption will be indulged in order to support the judgment, and the record of the suit, the judgment of which is attacked, must affirmatively establish the want of process or the proper service thereof before the courts will on such an attack hold the judgment void. Ramsey's Ex'r v. Ramsey et al., 233 Ky. 507, 26 S. W. (2d) 37. The record in the partition suit was not produced on the trial of the case before us. The presumption must be indulged in favor of the proper service of process in that case. There being no proof that the summons was not served on the keeper of the penitentiary accompanied by a copy of the petition and that the summons was not served on the curator, wife, or person over sixteen years of age at the residence of the prisoner before confinement, such service must be presumed and when presumed gives to the court jurisdiction in the partition suit even though perchance the keeper of the penitentiary did fail to deliver to the prisoner the copy of summons and of the petition served upon him. The attack on the judgment in the partition suit thus failing, it stands as a bar to the appellee's prosecution of this action and the court should have dismissed his petition.

The judgment is reversed, with instructions to dismiss the appellee's petition.